UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DWAYNE PREISSER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-01510-TWP-MJD |
| ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on Petitioner Dwayne Preisser's petition for a writ of habeas corpus, challenging his conviction in prison disciplinary case CIC 19-05-0163. For the reasons explained in this Entry, Mr. Preisser's petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. Disciplinary Proceeding**

On May 10, 2019, Indiana Department of Correction ("IDOC") Intel Analyst R. Enos wrote a Report of Conduct charging Mr. Preisser with a violation of Code A-123, bodily fluid:

> On 5/9/19 at approx. 2:00pm, I, Intel Analyst Enos, reviewed items taken from the cell of Offender Preisser Dwayne (263813, D2-15A). In a folder containing Offender Preisser's Asatru paperwork a journal was found with Offender Preissers name on the front. This journal contained information on runes, some of which were highlighted. In two found instances, runes were highlighted in what appears to be blood, or other bodily fluid. Offender Preisser is not authorized to place waste or bodily fluid on any item or surface where another individual might come into contact with it. His notebook is not a proper area of disposal. In placing bodily fluid in his notebook, Offender Preisser is getting an A123 Bodily Fluid, offense.

Dkt. 9-1. Photos of the notebook and the applicable pages were taken and attached to the conduct report. *Id.*; dkt. 9-2 at 1-3. A Notice of Confiscated Property form was completed listing a detailed description of the property. Dkt. 9-2 at 4-5.

On May 15, 2019, Mr. Preisser received a Notice of Disciplinary Hearing Screening Report notifying him of the charge. Dkt. 9-3. He pled not guilty, did not wish to call any witnesses, and did not request any physical evidence. *Id.*

A disciplinary hearing was held on May 31, 2019, and Mr. Preisser stated that it was not blood, rather, it was coffee and paint. Dkt. 9-6. Mr. Preisser's full statement raised other arguments about retaliation and the postponement of his hearing. Dkt. 9-7. At the hearing, Officer B. Keiffer provided a witness statement by phone that Keiffer had delivered the items to investigations to be reviewed for violations. Dkt. 9-8. The disciplinary hearing officer ("DHO") considered the staff reports, statement of offender, evidence from witnesses, and physical evidence. Dkt. 9-6. Specifically, the DHO noted that the physical evidence considered included the photos of the notebook and photos of specific pages and what appeared to be blood over the runes. *Id.* The DHO documented the reason for the finding of guilt:

> Evidence presented shows more likely than not the item is bodily fluid. Item was put in a biohazard bag and disposed of. Time frame on hearing not a valid reason for dismissed. Offender has put his blood on his other belongings before. Conduct report written on 5-9-19. Overturned conduct dates were approved on 5-13-19. Not retaliation.

*Id.* Mr. Preisser's sanctions included deprivation of 100-days' earned credit time and a one credit class demotion. *Id.*

Mr. Preisser appealed to the Facility Head and to the IDOC Final Reviewing Authority, but neither appeal was successful. Dkt. 9-9; dkt. 9-10. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. On August 12, 2020, the respondent filed a return to order to show cause. Dkt. 9. Mr. Preisser did not file a reply.

**C. Analysis**

Mr. Preisser raises one ground in his petition challenging the sufficiency of the evidence supporting his conviction. He states that he put red paint and coffee over the religious runes. Dkt. 1 at 2. He contends that there is no proof that that it was blood and the conduct report described the substance as "what appears to be blood." *Id.* He claims [t]he evidence was disposed of and never was tested to be blood (Bodily Fluids)." *Id.* at 4.

Courts may not reweigh evidence already presented at a prison disciplinary hearing. *Hill*, 472 U.S. at 455-56 (courts will not reweigh the evidence in prison disciplinary cases); *Scruggs*, 485 F.3d at 941 (same). Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is

much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

> The IDOC Adult Disciplinary Code defines a violation of Code A-123 as:
>
> Placing body fluid or fecal waste in a location unintended for the hygienic disposal of body fluid or fecal waste and/or placing body fluid or fecal waste in a location with the intent that another person will touch or otherwise come in contact with the body fluid or fecal waste.

Dkt. 9-11 at 3. Body fluid is defined by Indiana Code § 35-45-16-2 and includes blood among its list of substances. Intel Analyst Enos wrote in the conduct report that the journal contained runes that were highlighted in "what appears to be blood, or other bodily fluid" and that a notebook is not a proper location to dispose of bodily waste. Dkt. 9-1. Further, Officer Enos wrote that Mr. Preisser was not authorized to place such fluid on any item or surface where an individual could come into contact with it, as here where an officer could come into contact with a notebook during a search of an inmate's property. *Id.* The conduct report alone provides "some evidence" that Mr. Preisser placed what appeared to be blood, a body fluid, in an improper location. The conduct report is corroborated by photos of the pages of the notebook with the runes that appeared to be highlighted in blood.

Mr. Preisser's argument that the substance in the notebook was not tested, and therefore, there is no proof that it was blood, "falls because he is not entitled to [such testing] at a prison disciplinary hearing as a matter of law." *Jemison v. Knight*, 244 F. App'x 39, 42 (7th Cir. 2007). Even in criminal proceedings, where the burden of proof is much higher, the Seventh Circuit has held that "neither expert testimony nor a chemical test" is required to verify the composition of a substance. *United States v. Sanapaw*, 336 F.3d 492, 496 (7th Cir. 2004). The Seventh Circuit has extended this principle to prison disciplinary proceedings involving controlled substances. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) (holding that petitioner "was not entitled to demand laboratory testing" of substance alleged to be methamphetamine); *see also Jemison*, 244 F. App'x at 42 (holding that prison staff was not required to administer polygraph test to overcome inmate's assertion that he did not intend to spit on officer). The Court finds no reason why a different rule should apply to the substance Intel Analyst Enos identified as what appeared to be blood.

The Court also notes that Mr. Preisser did not request any evidence at screening. Dkt. 9-3. Even if he had, "[p]rison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley*, 699 F. App'x at 576.

 Simply put, Mr. Preisser is asking the Court to believe his version of the incident—that he did not place a body fluid in an unauthorized location, and that the Court disregard the findings of the DHO and his interpretation of the evidence presented at the hearing. This is asking the Court to reweigh the evidence, something it cannot do.

Accordingly, Mr. Preisser is not entitled to the habeas relief that he seeks.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of

the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Preisser to the relief he seeks. Accordingly, Mr. Preisser's petition for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   2/25/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DWAYNE PREISSER
263813
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov